UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK R. MARASCHIELLO,

        Plaintiff,

                   DECISION AND ORDER
  v.                    10-CV-187A

CITY OF BUFFALO, POLICE DEPARTMENT
and H. McCARTHY GIPSON,

        Defendants.

---

## **INTRODUCTION**

  Plaintiff, a captain with the Buffalo Police Department, commenced this action alleging that the City of Buffalo's failure to promote him to the position of Inspector constituted race discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) (first claim), 42 U.S.C. § 1983 (second claim), and the Fourteenth Amendment (third claim). Plaintiff also alleges defamation based upon allegations that the defendants called him a racist (fourth claim).

  Defendants City of Buffalo Police Department and former Police Commissioner H. McCarthy Gipson, filed a motion to dismiss all of plaintiff's claims. Plaintiff filed a response and oral argument was held on August 16, 2010. For the reasons stated, the motion to dismiss is denied.

**DISCUSSION**

Upon a motion to dismiss, this Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss, the complaint must plead sufficient facts to make out a plausible claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

Taken as true, plaintiff alleges in 2006 he took the police promotional exam for the position of police Inspector, and scored highest on the list. That list was adopted December 13, 2006. In 2007, after the list was adopted, the City solicited bids for the purpose of creating new police promotional examinations. Plaintiff asserts that the purpose of developing new police examinations was to increase minority representation on the force. New tests were created and new exams were given in February and March 2008. Plaintiff did not take the 2008 exam. In April 2008, a new "eligible list" was adopted for the position of Inspector. Because plaintiff had not taken the 2008 exam, he was not on the 2008 "eligible list."

On June 16, 2008, Capt. Patrick Reichmuth, a white male whose test scores ranked first on the 2008 eligible list, but second on the 2006 list, was

2

promoted to fill the inspector vacancy that had recently been created.[1]

Citing the Supreme Court's recent decision in *Ricci v. DeStefano*, __ U.S. ___, 129 S. Ct. 2658 (2009), plaintiff asserts that the failure to promote him based upon the 2006 eligible list resulted in discrimination in violation of his civil rights. In *Ricci,* the Supreme Court held that it was impermissible for the City of New Haven, Connecticut, to discard test results of a firefighters' promotional examination for fear that certifying the results might subject it (the City) to a claim of disparate impact. The Court stated that an employer "may not take the greater step of discarding [a] test altogether to achieve a more desirable racial distribution of promotion–eligible candidates–absent a strong basis in evidence that the test was deficient and that discarding the results is necessary to avoid violating the disparate-impact provision." Absent a strong basis in evidence that it would be subject to disparate impact liability, the City's action constituted disparate treatment in violation of Title VII.

Defendants have failed to distinguish *Ricci* from the facts of this case. Based upon plaintiff's allegations, it would appear that *Ricci* applies to plaintiff's discrimination claims. Plaintiff asserts that the city discarded the 2006 exam results because it wanted to increase minority representation on the police force. Defendants do not dispute this point, and, in fact, expressly acknowledge that the

---

[1] It is not clear exactly when the position became vacant. This appears to be a point of factual dispute between the parties.

City had endured "numerous legal challenges to the validity of the civil service examinations" over the past few decades and that the new exams were created "to avoid further litigation with respect to those exams." See Dkt. 3, at ¶ 18.

In light of *Ricci* and plaintiff's allegations that the 2006 exam results were discarded for the purpose of avoiding further claims of racial discrimination, defendant's motion to dismiss plaintiff's discrimination claims is denied. Plaintiff has adequately stated a claim for discrimination. Defendants' motion to dismiss plaintiff's defamation claim is also denied because the allegations in plaintiffs complaint are adequate to permit that claim to go forward at this juncture.

## **CONCLUSION**

For the reasons stated, defendants' motion to dismiss is denied.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 19, 2010